## City of Chicago v. Nettie F. McCormick, et al.

### Gen. No. 12,301.

1. Special assessment rebate—*assumpsit lies to recover.* Assumpsit lies to recover a special assessment rebate notwithstanding the fund out of which it should be paid may have been illegally depleted by the municipal authorities.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. Dwight C. Haven, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed March 1, 1906.

Robert Redfield and Frank Johnston, Jr., for appellant; Edgar Bronson Tolman, Corporation Counsel, of counsel.

E. B. Esher and S. S. Fallas, for appellees.

Mr. Justice Ball delivered the opinion of the court.

Appellees sued the city of Chicago in assumpsit to recover certain rebates. On the trial it was admitted that appellees owned a certain lot upon which (with other property) a special assessment for a sidewalk was levied and collected, amounting to the sum of $6,656.09; that the total cost of the improvement was but $1,889.46; that it had been ascertained and determined that appellees' said lot was assessed $232.42 over and above its just and lawful proportionate

share of the entire assessment; that of this excess the city had paid to appellees the sum of $117.88, and still owed them $114.54 on account thereof; that the city was indebted beyond the constitutional limit; and that in some way this special fund, as it stood on the books of the city, was exhausted.

Judgment was rendered in the County Court against appellant in the sum of $115.50; from which judgment this appeal was perfected.

Appellant contends, first, that rebates on special assessments are payable out of the special fund for an improvement only, and cannot be recovered out of the general fund of the city in an action of assumpsit; and, second, that if there was an improper administration of the fund by the city officials, by reason of which a shortage in the fund was created, the remedy must be against the officers, and not against the city.

Neither point is well taken. After paying the expenses of the improvement, the remainder ($4,766.63) belonged to the property owners who had paid it in. The city held the ratable proportion of this remainder due upon appellees' lot as money had and received by it for their use. Whether or not the city by unlawful transfers, or by some peculiar system of bookkeeping, has exhausted this fund, is immaterial. The city still holds it for such use, and appellees may recover it in an action of assumpsit, as they could recover money under like circumstances from an individual or from a private corporation. Trumbull v. Campbell, 3 Gilm., 502; Parker v. Fisher, 39 Ill., 164. The municipal character of appellant confers upon it no right to retain as its own moneys which confessedly belong to another.

Further, when this special assessment was levied the statute provided that "if too large a sum shall at any time be raised, the excess shall be refunded ratably to those who paid it." R. S. Hurd 1895, section 161, chapter 24. This section was repealed by implication by an "Act concerning local improvements," approved June 14, 1897. Section 93 of the last named act makes it the duty of the proper city au-

thorities, when all the expenses of the improvement are paid and a surplus remains in the special assessment, "to at once cause a rebate to be declared upon each lot * * . * assessed of its *pro rata* proportion of such surplus." * * * And "the same shall be repaid to the person entitled thereto." R. S. Hurd, 1903, sec. 599, ch. 24.

The *pro rata* proportion of the surplus in the special assessment to which the lot of appellees was entitled was thus ascertained. To recover this liquidated sum the proper form of action is assumpsit. City of Chicago v. Singer, 116 Ill. App., 559.

The judgment of the County Court is affirmed.

*Affirmed.*